Chaney v. The State.

The statement of facts was quite voluminous, and as copied into the record, was, in some places, unintelligible; but this statement, in connection with the opinion, is believed to be sufficient for the proper understanding of the case.

*F. S. Stockdale*, for the appellant.

*J. J. Holt*, for the appellee.

---

JOHN CHANEY v. THE STATE.

In cases of misdemeanor, when the defendant appeals, he is to be committed to jail, unless he enter into recognisance to appear before the District Court to abide the judgment of the Supreme Court. (O. & W. Dig. C. P., art. 722.) It is not sufficient for the attorney, or for any other person, to bind himself in a recognisance for the defendant's appearance; the defendant himself must be recognised.

APPEAL from Lavaca. Tried below before the Hon. Fielding Jones. The facts are stated in the opinion.

*R. M. Tevis*, for the appellant.

*Attorney-General*, for the appellee.

BELL, J.—In this case, there was judgment in the court below against the appellant and another.

The record shows, that W. R. B. Wills, who was counsel for the appellant, Chaney, entered into a recognisance in which he bound himself in the sum of one hundred dollars "to be levied of his goods and chattels, lands and tenements; but to be void upon condition that the said John Chaney shall make his personal appearance at the next term of this court, (meaning the District Court for Lavaca county,) after the said cause shall be tried upon appeal in the Supreme Court, to answer the State of the charge of an affray."

The defendant, Chaney, was not recognised, and there was, therefore, no sufficient compliance with the requirement of the law, that when the defendant appeals, in any case of misdemeanor, he shall be committed to jail, unless he enter into recognisance to appear before the District Court to abide the judgment of the Supreme Court. (See Code of Crim. Procedure, art. 722.)

It is not competent for the attorney or for any other person to bind himself in a recognisance for the defendant's appearance. The defendant himself must enter into recognisance.

Because the defendant did not enter into recognisance in the manner required by law, this appeal is dismissed.

Judgment affirmed.